AFFIDAVIT IN SUPPORT OF
MOTION FOR FINAL ORDER OF FORFEITURE
Case No. 5:14-cv-386-KKC

I, Wade T. Napier, being first duly sworn, depose and say:

1. I am an Assistant United States Attorney for the Eastern District of Kentucky.

2. This Affidavit is executed by me in accordance with Rule 55(a), Federal Rules of Civil Procedure, for the purpose of enabling the United States to obtain a final order of forfeiture against the defendant property.

3. On October 3, 2014, the Plaintiff filed a verified complaint *in rem* for forfeiture, alleging that the defendant property should be forfeited to the United States of America pursuant to 18 U.S.C. §§ 2428 and 2254.

4. Written notice of this forfeiture action with a copy of the verified complaint *in rem* was sent via certified mail pursuant to Rule G(4)(b)(i) of the SUPPLEMENTAL RULES FOR ADMIRALTY OR MARITIME CLAIMS AND ASSET FORFEITURE ACTIONS as follows:

- To Fred Peters, attorney for Jack Cassidy and Jerry Cassidy on May 12, 2015;
- To Jack Cassidy on May 22, 2015;
- To Jerry Cassidy on May 22, 2015;
- To James Murriner on June 27, 2015;
- To Jane Murriner on June 27, 2015.

5. Notice of this civil forfeiture action was published for 30 consecutive days on an official Government internet site (www.forfeiture.gov) beginning on July 31, 2015, as evidenced by the Declaration of Publication attached as Exhibit A.

6. The real property was posted with notice of the complaint by a Deputy United States Marshal, pursuant to 18 U.S.C. § 985(c), on July 13, 2016. [DE 11]

7. Pursuant to Supplemental Rule G(5)(a) & (b), any claimant to the defendant real property was required to file a claim no later than 35 days after the written notice was sent/posted or 60 days after the first publication of notice on the official Government website on July 31, 2015. Those time periods expired on August 17, 2016 and September 29, 2015, respectively, and no extensions to these time limits have been requested, consented to, or granted by this Court.

8. On June 23, 2015, a verified claim was filed by Jack Cassidy and Jerry Cassidy.[1] [DE 8] On July 12, 2016, an Agreed Order of Forfeiture was executed by counsel for Jack Cassidy and Jerry Cassidy and is attached hereto as Exhibit B.

9. On July 6, 2015, a verified claim was filed by James E. Murriner and Jane E. Murriner. [DE 9] On or about December 21, 2015, an Agreed Order of Forfeiture withdrawing their claims was executed by their attorney, Fred Peters, and is attached hereto as Exhibit C.

10. No other person or entity has filed either a claim or an answer to the complaint for forfeiture, or has otherwise appeared or answered in this regard, and the time to do so has expired.

---

[1] Although their claim was submitted to the Court as a "verified," Jerry Cassidy did not sign the claim. Consequently, his claim was not valid pursuant to established law. *See United States v. One Men's Rolex Pearl Master Watch*, 357 Fed. Appx 624, 627 (6th Cir. 2009) (the verification requirement in Federal Rule of Civil Procedure Supplemental Rule G(5)(a) is strictly enforced); *United States v. 35 Firearms*, 123 Fed. Appx 204, 207 (6th Cir. 2005).

11. Upon information and belief, no person or entity thought to have an interest in the defendant currency is an infant, incompetent, or presently engaged in military service.

I declare under penalty of perjury, as provided by federal law, that the foregoing statements are true.

_____
Wade T. Napier
Assistant United States Attorney