UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 5:14-386-KKC

UNITED STATES OF AMERICA                                                                                    PLAINTIFF

v.    ORDER AND FINAL DECREE OF FORFEITURE

REAL PROPERTY KNOWN AS
898 MASON HEADLEY ROAD,
LEXINGTON, KENTUCKY, OWNED BY
JACK CASSIDY AND JERRY CASSIDY                                                              RESPONDENT

* * * * *

On October 3, 2014, the United States of America filed a Verified Complaint for Forfeiture *In Rem* against the real property known as 898 Mason Headley Road in Lexington, Kentucky, owned by Jack Cassidy and Jerry Cassidy.  The complaint alleges that the defendant property was used to commit or to facilitate a violation of 18 U.S.C. § 2423 (transportation of a minor with intent to engage in criminal sexual activity), and was used or intended to be used to commit or promote the commission of a violation of 18 U.S.C. § 2251(a) (sexual exploitation of children), and is, therefore, subject to forfeiture to the United States pursuant to 18 U.S.C. §§ 2428 and 2254, respectively.

This matter was filed under seal and stayed.  The United States filed its notice of lis pendens in the office the Fayette County Clerk on October 3, 2014.  The stay was lifted and the matter was unsealed by Order [DE 7] entered February 27, 2015.

It appearing that process was fully issued in this action and returned according to law:

1.      The property was posted with notice of the complaint;

2.      Direct notice and a copy of the complaint were served via certified mail in compliance with Supplemental Rule G(4)(b);

3.      Notice was posted on an official internet government forfeiture website for 30 consecutive days, in compliance with Supplemental Rule G(4)(b)(iv)(C).

Claims were filed on behalf of Jack A. Cassidy and Jerry E. Cassidy[1] on June 23, 2015 [DE 8], and on behalf of James Murriner and Jane Murriner on July 6, 2015 [DE 9].

The claims of James and Jane Murriner and Jack and Jerry Cassidy have been withdrawn as evidenced by agreed orders of record herein.  The Murriners acknowledge that they took title to the defendant property after the United States filed its notice of lis pendens and expressly withdraw their claims to the defendant property.  Jack and Jerry Cassidy acknowledge that their property is forfeitable pursuant to 18 U.S.C. §§ 2428 and 2254 and expressly withdraw their claims to the defendant property.

NOW, THEREFORE, the United States of America hereby moves for an Order and Final Decree of Forfeiture,

---

[1] The collective Cassidy claim is not signed by Jerry Cassidy and, therefore, is not a valid claim for Jerry Cassidy.  *See United States v. One Men's Rolex Pearl Master Watch*, 357 Fed. Appx 624, 627 (6th Cir. 2009) (the verification requirement in Federal Rule of Civil Procedure Supplemental Rule G(5)(a) is strictly enforced); *United States v. 35 Firearms*, 123 Fed. Appx 204, 207 (6th Cir. 2005).

2

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.     The Agreed Order of Forfeiture signed by James Murriner and Jane Murriner is hereby accepted by the Court and their claims are hereby stricken.

2.     The Agreed Order of Forfeiture signed by counsel for Jack Cassidy and Jerry Cassidy is hereby accepted by the Court and their claims are hereby stricken.

3.     The defendant real property, more specifically described below, is forfeited and no right, title, or interest in the said property shall exist in any other party:

> Being all of Lot No. 1, Block "A" of the Gardenside Subdivision, Section 1-A, to the City of Lexington, Fayette County, Kentucky, as shown by plat of record in Plat Book 5, Page 55, Fayette County Court Clerk's Office, to which plat reference is hereby made for a more particular description of the property herein conveyed; and,
>
> Being the same property conveyed to Clarence B. Cassidy and Madeline Cassidy, his wife, by deed dated August 22, 1955, and which title was passed to Jack Elliott Cassidy and Jerry Allen Cassidy by virtue of the Last Will and Testament of Clarence B. Cassidy, filed in the records of the Fayette County Clerk in Book 0108, Page 709, on April 18, 1985. Also being the same property which was conveyed to James E. Murriner and Jane Murriner by deed dated February 20, 2015 and recorded on May 12, 2015 in Deed Book 3311, Page 627, in the office of the Fayette County Clerk.

4.     The forfeited property shall be disposed of according to the law.

5.     The Court shall retain jurisdiction to enter any orders necessary to amend or enforce this order.

6.     That any and all forfeited funds, and the proceeds of sale from any forfeited property, after payment of costs and expenses incurred in connection with the forfeiture, sale, or other disposition of the forfeited property, shall be deposited forthwith by the

United States Marshal into the Department of Justice Asset Forfeiture Fund in accordance with Title 28 U.S.C. §524(c) and Title 21 U.S.C. § 881(e).

4